## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| WARREN ALSTON, | Civil Action No. 16-3355(MCA) |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| COM. OF PENNSYLVANIA, et al. Respondent. | |

This matter has been opened to the Court by Petitioner's filing of a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, an application to proceed *in forma pauperis*, a "Motion for a Protective Order," seeking to stay the case until Petitioner exhausts his state court remedies as to certain claims (ECF No. 2), and a Motion for an Order to Compel Discovery (ECF No. 5). At this time, the Court will grant Petitioner's application to proceed *in forma pauperis*. For the reasons explained in this Memorandum Opinion, the Court will transfer the Petition and the pending motions to the District Court for the Eastern District of Pennsylvania.

Petitioner is currently incarcerated at East Jersey State Prison ("EJSP") where he is serving a 20-year sentence for crimes committed in New Jersey. *See Com. v. Alston*, 2015 WL 6948473 at *1 (Pa. Super. App. Div. July 17, 2015). His Petition for habeas corpus relief does <u>not</u> challenge the New Jersey conviction or sentence; rather, the Petition challenges a 2014 Pennsylvania judgment of sentence, which was imposed by the Court of Common Pleas in Philadelphia after that court determined that Petitioner violated his probation. ("VOP sentence"). (*See id.*) The VOP sentence in Pennsylvania is to run consecutive to the sentence he is now serving in New Jersey. (*See* id.; see also ECF No. 1-2, Court of Common Pleas of Philadelphia Docket Ent., attached as Ex. 3 to Petition.)

Petitioner names only Pennsylvania respondents in his Petition, and the Petition appears to raise eighteen grounds for relief in his Petition. Only two of the grounds appear to have been exhausted in Pennsylvania state court. (*See* ECF No. 1, Pet. at 6-7.) According to the Petition, the remaining grounds are those Petitioner "intends to raise in post-conviction proceedings, including grounds not previously adjudicated at trial or appellate state court level." (*Id.* at 7.) Petitioner subsequently filed a motion for a protective order, seeking to stay the petition until he exhausts his state court remedies, pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005).[1] (ECF No. 2). He has also filed a motion for an order compelling discovery. (ECF No. 5.)

The Court begins by noting that the Rules Governing Section 2254 Petitions state that "[i]f the petitioner is not yet in custody under the state court judgment being contested, the petition <u>must name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered.</u>" 28 U.S.C. § 2254 Rule 2(b) (emphasis added). Because the § 2254 Rules appear to require that Petitioner's current custodian at EJSP be named as a respondent, the Court will direct the Clerk of the Court to add the Patrick Nogan to the docket as a respondent.[2] The § 2254 Rules do not, however, specify whether petitions

---

[1] In *Rhines*, the Supreme Court held that a district court has the authority to stay a mixed § 2254 petition when a stay would be compatible with the Antiterrorism Effective Death Penalty Act's (AEDPA) purposes, 544 U.S. at 276, and that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition." *Id.* at 278. *See also Heleva v. Brooks*, 581 F.3d 187 (3d Cir. 2009) (holding that stay-and-abeyance under *Rhines* standard also applies to a request to stay a § 2254 petition which contains only unexhausted claims). Here, the Court does not address Petitioner's motion to stay or his request for discovery because it has determined that the Petition and the pending motions should be transferred to the Eastern District of Pennsylvania.

[2] According to the New Jersey Department of Corrections website, Patrick Nogan is the current administrator of East Jersey State Prison. *See* http://njdoc.gov/pages/contact_us/index.html

challenging a future sentence should be filed in the district in the territory where Petitioner is currently confined, in the district in the territory of the challenged judgment, or in either district.

It is well-established that "in habeas challenges to <u>present</u> physical confinement", the proper party-respondent is "the person who has custody over [the petitioner]." *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (construing 28 U.S.C. § 2241) (citation omitted) (emphasis added); however, as in this case, where a habeas petitioner "challenges a form of 'custody' other than present physical confinement, [the petitioner] may name as respondent the entity or person who exercises legal control with respect to the challenged 'custody.'" *Id.* at 438; *see also Saunders v. United States Parole Comm'n*, No. 16-3375, 2016 WL 6678349, at *2 (3d Cir. Nov. 14, 2016) (explaining same); 28 U.S.C. § 2241(d) (explaining that an application for a writ of habeas corpus under § 2241 "may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him....").

In *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973), the Supreme Court, analyzing a habeas petition filed pursuant to 28 U.S.C. § 2241, determined that a habeas petitioner may challenge the future imposition of sentence for which a detainer has been lodged while the petitioner is in custody with respect to an earlier sentence imposed by a different sovereign.[3] *See id.* at 488–89.  In *Rumsfeld v. Padilla*, 542 U.S. 426, 438 (2004), the Supreme Court explained its prior decision in *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973) as follows:

---

[3] The Petitioner in *Braden* sought enforcement of his speedy trial rights on pending criminal charges, and his petition for pretrial relief was properly brought pursuant to 28 U.S.C. § 2241. Petitioner in this action challenges a sentence that has already been imposed by a Pennsylvania state court and that is to be served by Petitioner following the expiration of his current New Jersey sentence. As such, the instant Petition is properly brought pursuant to 28 U.S.C. § 2254.

> In *Braden*, for example, an Alabama prisoner filed a habeas petition in the Western District of Kentucky. He did not contest the validity of the Alabama conviction for which he was confined, but instead challenged a detainer lodged against him in Kentucky state court. Noting that petitioner sought to challenge a "confinement that would be imposed in the future," we held that petitioner was "in custody" in Kentucky by virtue of the detainer. 410 U.S., at 488-489, 93 S.Ct. 1123. In these circumstances, the Court held that the proper respondent was not the prisoner's immediate physical custodian (the Alabama warden), but was instead the Kentucky court in which the detainer was lodged. This made sense because the Alabama warden was not "the person who [held] him in what [was] alleged to be unlawful custody." *Id.*, at 494-495, 93 S.Ct. 1123 (citing *Wales* [v. *Whitney*, 114 U.S. 564, 574, (1885))]; *Hensley* [v. *Municipal Court, San Jose Milpitas Judicial Dist., Santa Clara Cty.*, 411 U.S. 345, 351, n. 9 (1973)] (observing that the petitioner in *Braden* "was in the custody of Kentucky officials for purposes of his habeas corpus action"). Under *Braden*, then, a habeas petitioner who challenges a form of "custody" other than present physical confinement may name as respondent the entity or person who exercises legal control with respect to the challenged "custody."

The Court in *Padilla* went on to explain, albeit in dicta, that the *Braden* Court overruled the Court's earlier decision in *Ahrens v. Clark*, 335 U.S. 188, 190-192 (1948) which held that habeas jurisdiction required the presence of both the petitioner and the custodian within the same district:

> Prior to *Braden*, we had held that habeas jurisdiction depended on the presence of both the petitioner and his custodian within the territorial confines of the district court. *See Ahrens v. Clark*, 335 U.S. 188, 190-192, 68 S.Ct. 1443, 92 L.Ed. 1898 (1948). By allowing an Alabama prisoner to challenge a Kentucky detainer in the Western District of Kentucky, *Braden* changed course and held that habeas jurisdiction requires only "that the court issuing the writ have jurisdiction over the custodian." 410 U.S., at 495, 93 S.Ct. 1123.

*Padilla*, 542 U.S. at 444.

Like the Petitioner in *Braden*, the Petitioner in this action is not challenging the lawfulness of his present physical confinement in New Jersey; rather, he is challenging a form of "custody" other than his present physical confinement, and the person who exercises legal

4

control with respect to the challenged custody is the Attorney General of the State of Pennsylvania, who is not within the territory of this District. Absent waiver, it is not clear how the Court would have personal jurisdiction over the Attorney General of the State of Pennsylvania. *See Padilla*, 542 U.S. at 445 (citing *Braden*, 410 U.S., at 500 (citing *Schlanger v. Seamans*, 401 U.S. 487 (1971) (holding that the custodian's absence from the territorial jurisdiction of the district court is fatal to habeas jurisdiction). *Cf. Padilla*, 542 U.S. at 451–52 (J. Kennedy concurring) ("In my view, the question of the proper location for a habeas petition is best understood as a question of personal jurisdiction or venue.)

Even assuming that the Petition may properly be filed in this District, it may nevertheless be preferable to transfer the Petition to the District Court for the Eastern District of Pennsylvania. When venue is inappropriate, a court may transfer a habeas corpus petition to an appropriate district *sua sponte*. *See Verissimo v. I.N.S.*, 204 F. Supp. 2d 818, 820 (D.N.J. 2002) (citing *Chatman–Bey v. Thornburgh*, 864 F.2d 804, 813–14 (D.C. Cir.1988); *McCoy v. United States Board of Parole*, 537 F.2d 962, 965 (8th Cir. 1976)). Habeas corpus actions may be transferred to more convenient forums under either 28 U.S.C. § 1404 or 28 U.S.C. § 1406. A federal court may transfer a matter under 28 U.S.C. § 1404(a) for the convenience of parties and witnesses to any other district where it might have been brought. *Id.* (citing *Braden*, 410 U.S. at 493–94). A court may transfer a matter under 28 U.S.C. § 1406 to a court with personal jurisdiction over the defendant and where venue is appropriate. *Id.* (citing *Wims v. Beach Terrace Motor Inn, Inc.*, 759 F. Supp. 264, 270 (E.D. Pa. 1991)).

In making the determination as to whether transfer under § 1404(a) is appropriate, "a court may analyze factors such as where the material events occurred, where the record and witnesses are located, and the convenience of the forum for both parties. The district in which

sentencing and conviction occurred is typically favored because of the availability of evidence and witnesses." *Id.* (citing *Braden*, 410 U.S. at 493-94; *Henderson v. I.N.S.*, 157 F.3d 106, 128 n.25 (2d Cir. 1998)).

Here, a transfer of venue to the District Court for the Eastern District of Pennsylvania would be in the interests of justice as the challenged VOP sentence occurred in Philadelphia, Pennsylvania. The material events underlying the instant habeas Petition occurred within the territorial confines of the Eastern District of Pennsylvania. Additionally, the relevant records and witnesses pertaining to Petitioner's state court conviction and sentence appear to be located in Pennsylvania. Although it appears that Petitioner has chosen New Jersey as his preferred forum, his choice of forum is outweighed by the factors pointing to Pennsylvania as the better forum. *See* 28 U.S.C. § 1404(a); *see also In re Nwanze*, 242 F.3d 521, 526 n.25 (3d Cir. 2001) (noting that ordinarily a transfer of a proceeding relating to the validity of the petitioner's conviction from the district of confinement to the district of sentencing would be in furtherance of the convenience of the parties and witnesses). The Court further notes that transfer may also be appropriate under 28 U.S.C. § 1406 because the District Court for the Eastern District of Pennsylvania would have personal jurisdiction over the Attorney General of the State of Pennsylvania, who is the respondent with legal control over the challenged custody.

In conclusion, for the reasons expressed in this Memorandum Opinion, the Court will grant Petitioner's application to proceed *in forma pauperis*, and will direct the Clerk of the Court to do the following: (1) add Patrick Nogan to the docket as a Respondent; (2) transfer the entire matter to the District Court for the Eastern District of Pennsylvania; and (3) close this case accordingly.[4] An appropriate Order follows.

---

[4] The Court informs Petitioner that the Court is <u>not</u> dismissing his Petition and expresses no

_____
Madeline Cox Arleo, U.S.D.J.

Date                    , 2017

---

opinion about the merits of the Petition or his motions for a stay and for discovery.  Rather, the
Court is transferring Petitioner's habeas Petition to the Eastern District of Pennsylvania because
that district is the most appropriate forum for his Petition.

7